J. T. EVANS, Trustee v. J. L. HOWELL and others.

*Evidence—Landlord and Tenant—Application of Rents—Judge's Charge—Partner—Ratification.*

1. Declarations by the owner of a commodity accompanying his delivery of the same to another party are competent to show the purpose of such delivery.

2. A statement by a lessee to his landlord that he has applied the first of the crop (leaving enough to pay the rent, but before paying the same) to the discharge of a debt due a firm of which the landlord is a member, followed by an expression by the latter of an intention to take such residue, is *some* evidence that the landlord consented to such appropriation.

3. Where the jury find in such a case that what was left of the crops after paying the firm debt went into the lessor's hands and was sufficient to pay the rent, the application of the first crop to the firm debt will not be disturbed.

4. A correct exposition of the law, though irrelevant to the matter in hand, is not assignable for error, unless some positive harm or misconception is shown to have resulted therefrom.

5. While a partner is not at liberty to use a fund belonging to his copartner individually in payment of a partnership claim to his injury, yet, a subsequent ratification by the latter will make the act valid.

(*State* v. *Mikle*, 81 N. C., 552; *Carter* v. *Beaman*, 6 Jones, 44, cited and approved.)

CIVIL ACTION tried at November Special Term, 1880, of HALIFAX Superior Court, before *Graves, J.*

The plaintiff, Evans, brought this action, as trustee for the firm of Winfield & Emry, for the recovery of one hundred dollars due by note. The facts appear in the opinion. Verdict and judgment for defendants, appeal by plaintiff.

*Messrs. R. B. Peebles* and *Mullen & Moore,* for plaintiff.
*Messrs. Day & Zollicoffer,* for defendants.

SMITH, C. J. This action, commenced before a justice of the peace and removed by appeal to the superior court, was tried upon the defence of payment.

The alleged payment was made by the delivery of four bales of cotton (grown upon land belonging to the plaintiff, Emry, and by him rented to the defendant, J. L. Howell, for the year 1877) to the plaintiff, Winfield, who and the said Emry constituted the mercantile firm of Winfield & Emry. The substantial facts testified to are that three bales were

delivered to Winfield, of the agreed value of $126, to pay the debt due on the bond in suit, according to the concurring evidence of the said J. L. Howell, and his co defendant, Fulghum; but, as testified by Winfield, accepted and to be so applied only with the consent of Emry, whose claim for rent was entitled to priority of payment, and which consent was refused when the facts were made known to him. A fourth bale, grown upon the same land, weighing 461 lbs. and of the estimated value of $40.56, was afterwards, in February, 1878, carried to the store, and delivered to Winfield by Fulghum, and the proceeds except five dollars thereof then paid him, were to be applied to the rent.

Emry testified, that finding the three bales at the store of Winfield & Emry, he took possession of and appropriated them to his rent, and that he never consented that they should be taken in payment of the bond. During the examination of Fulghum, he was permitted after objection to testify that when he delivered the bales to Winfield, he told him it was for the rent due Emry; and further, that shortly after three bales went into Winfield's possession, the witness met Emry, and said to him, there was a plenty of cotton to pay him, and to go and get it, and that Emry said he would, at the same time declaring that he would not allow that delivered to go on the bond due the firm.

Under the directions of the court, the jury rendered their verdict in these words: We say that the note was paid, and that the $26 surplus on three bales of cotton, and the net proceeds of one bale of cotton, less $5, be applied to the rent, and the rent was one fifth of the crop; no damage for fence.

The exceptions are to the admission of the evidence mentioned, and to the instructions of the court which will now be considered.

1. Ex. It was entirely competent to prove the purpose for which the last bale was delivered, and this was properly shown by the accompanying declarations. The act would

be equivocal in the absence of the evidence of the directions. They were also made to one of the plaintiffs in the action. We see no basis upon which the exception can stand.

2. The conversation which passed between the defendant, Fulghum, and the plaintiff, Emry, was in like manner admissible, and as evidence of his assent to the appropriation of the first cotton delivered to the firm debt, and his willingness to look to that which remained for the rent, notwithstanding his previous refusal to part with what had gone into his possession. It was proper to be heard, and the consideration due it, lies exclusively with the jury to determine.

3. The court charged in effect that if Winfield knew of the writing, that the cotton was raised upon the rented land, and that the rent was unpaid, and with this knowledge received the cotton in discharge of the debt, it would be in law a payment: The exception is to the correctness of this ruling, and further, that there was no evidence that Winfield possessed the supposed knowledge, so as to make the proposition applicable to the proofs. Winfield himself testifies that he knew that Howell was a tenant of Emry, and agreed that, with the latter's consent, the proceeds of the cotton should go to the payment of the bond. This condition implies that Emry had a claim upon the property, preferable to that of the firm, and the jury might infer from this that he knew that the cotton was under a lien for the rent, without which there would be no restraint on the right of the tenant to dispose of the crop. While the crop could not be diverted to any other use without the consent of the lessor, until his claim for rent was satisfied, yet, if this claim was afterwards in fact paid out of the excess in value of the three bales, above the sum due on the bond, and the last bale, the first sale would be rendered valid; and we are not prepared to say that the acting partner may not accept the delivery in payment, although the lien re-

mains, upon his own assurance that the rent will be paid from other sources, and the lien thus discharged. But whether the charge be erroneous or not, upon this point, it manifestly can work no injury to the plaintiffs, when by the finding of the jury, enough of the crop has gone into the possession of Emry, and of Winfield, in behalf of the firm, to pay both debts, and under directions valid, so far as they require the proceeds to be applied to the partnership demand in preference to all others, except that for rent. This error, if it be an error, is thus rendered harmless by the findings of the jury, and does not warrant the setting aside the verdict. *State* v. *Mikle,* 81 N. C., 552.

4. This exception is not to the proposition of law in reference to the application of payments, but is based upon the absence of facts to sustain it, and its alleged tendency to mislead. It is seldom that a correct exposition of the law can be the subject of exception, and never, unless the court can see how it may have such tendency, under a possible or probable misunderstanding of the jury, and we can see no indication of it in the present case. Besides, the witnesses somewhat differed in their statements about the first delivery, and the uses to which the cotton was to be applied, and it was not inappropriate to explain the respective rights of the debtor and creditor, and when to be exercised by each in applying payments.

5. The court submitted to the jury, the inquiry, whether rent was due Emry, and how much: This direction was necessary in determining the excess in value of all the cotton received above the preferred claim, because, in one aspect of the controversy, this excess went towards the payment of the bond.

6. The charge to which this exception is directed, was, that if the cotton was not accepted in payment of the bond, Emry had the right to apply it to his rent, and in such case, the jury must ascertain the difference between its value and

the sum due for rent; and if the cotton was more than suf-
ficient to pay the rent, they should further enquire whether
there was any direction to apply the excess to the bond.
For reasons already given, we think the jury were properly
directed to make the enquiry.

7 and 8. The objections to the charge involved in these
exceptions are the want of evidence of the facts to which it
is adapted, and are founded on a misconception of the tes-
timony. There was evidence of an intended appropriation
of the three bales to the bond in suit, and of the last bale
to the rent. The whole fund was directed to be applied to
these two demands in preference to all others, and the di-
rection was lawful as to all of the fund, if the rent was
paid.

9. This exception refers to the testimony of what trans-
pired between Fulghum and Emry, and the consequences
inferable therefrom: This was proper to be heard by the
jury, as evidence of Emry's acquiescence in the appropria-
tion of the cotton to the partnership debt, the force of which
they were to determine. It may be slight, but it was not
therefore to be excluded from their consideration. While
upon the authorities cited, and on principle, a partner is
not at liberty to use a fund, belonging to his co-partner in-
dividually, in payment of a partnership claim, to his injury,
yet a subsequent ratification by the latter, will render the
act valid. This is declared in *Carter* v. *Beaman* 6 Jones, 44,
in which case Beaman had, by an arrangement with Jack-
son, discharged the individual debt of Jackson to himself,
by applying to it a debt due by himself to the firm of Carter
& Jackson; and this was relied on as a defence to the action
at the instance of Carter & Jackson. The court declared
that the fraud in this misuse of the partnership property for
individual purposes " is repelled when it appears that the
other partner assented to the transaction    *    *    *    and
that it did not require evidence of express or previous as-

30

sent to the particular transaction, but that it might be inferred from other facts, &c."

The evidence was also competent, in connection with the testimony of Winfield, that the cotton, with Emry's consent, should be put on the bond, at the price of ten cents per pound, and if on Emry's debt, at a less sum per pound, thus contemplating an application of the proceeds to one or other of these debts, to the exclusion of others.

We are therefore of opinion that there is no error, and the judgment must be affirmed.

No error.　　　　　　　　　　　　　　Affirmed.